UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| QUANTUM COMMUNICATIONS LTD, <br><br> Plaintiff, <br><br> v. <br><br> EAGLE FORUM EDUCATION AND LEGAL DEFENSE FUND and EDWARD R. MARTIN, JR., <br><br> Defendants. | CASE NO.  1:17cv1640 <br><br> (Honorable Malachy E. Mannion) |

**PRETRIAL MEMORANDUM OF PLAINTIFF, QUANTUM COMMUNICATIONS, LTD.**

Pursuant to LR 16.6 and Appendix B of the Rules of Court for the Middle District of Pennsylvania, Plaintiff, Quantum Communications, Ltd. ("Quantum"), respectfully submits the following Pretrial Memorandum.

A.   This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

B.   Quantum had an agreement with defendants to provide strategic communication and consulting services to defendants in exchange for an agreed-to monthly retainer and reimbursement of costs and expenses incurred by Quantum on behalf of defendants.  For a period of approximately six months, Quantum fully provided and delivered to defendants its agreed-to services.  Quantum invoiced defendants on a monthly basis for the retainer amounts and expenses as agreed to.  Defendants, for a period of almost six months, never disputed these invoices.  On the contrary, defendants repeatedly represented to Quantum that Quantum would be paid the amounts owed by defendants pursuant to the agreement.  After repeated demands for payment and promises of checks sent by defendants, defendants advised Quantum that defendants would not pay the amounts owed irrespective of the fact

that defendants received and retained months of valuable services and expenses incurred on behalf of defendants and provided by Quantum.

Defendants' counterclaim is baseless. Defendants requested that Quantum promote EFELDF as well as Martin personally at a 2017 national meeting of political conservatives. Though beyond the scope of the services being provided by Quantum, Quantum nonetheless agreed to try and promote EFELDF and Martin as had been requested.

It was suggested that copies of a book authored by Phyllis Schlafly should be given away as promotions to attendees of the event. Ms. Schlafly is the late founder of the Eagle Forum organizations, including EFELDF.

Defendants sent to the conference site 800 copies of Ms. Schlafly's book with full knowledge that the books were going to be given away free of charge as promotional items to conference attendees. Quantum, having obtained permission from the event organizers, distributed the 800 copies of the book to attendees at the conference dinner. Quantum incurred out of pocket expenses associated with the delivery of the books to the conference venue (which remain unreimbursed) and distributed the books to meeting attendees at no extra charge to defendants.

Defendants somehow try to weave these facts into an alleged breach of contract claim. Quantum agrees that it had an enforceable agreement with defendants. Quantum denies that any of the value-added services it provided to defendants in connection with the 2017 conference constituted a breach of that agreement. Quantum received nothing from the distribution of the books. It actually cost Quantum out-of-pocket expenses and additional labor. To the extent that defendants are claiming that they and Quantum had some sort of separate contract relating to the books and the conference, such an alleged contract fails for lack of consideration and, in any event, Quantum delivered the books to meeting attendees as the parties discussed.

Defendants' claim of "a loss of donations in excess of $200,000" is, at best, speculative. Quantum will prove at trial that any decline in donations to EFELDF is a direct result of the on-going internal wars among the Eagle Forum organizations and the late Ms. Schlafly's children and the adverse publicity associated with those disputes, as well as other factors including well publicized judicial findings of wrongful conduct on the part of Martin. Nothing Quantum did or did not do caused defendants any harm.

C.  Undisputed Facts

1. Quantum is a Pennsylvania corporation with an address of 123 State Street, Harrisburg, PA 17101.

2. Quantum is a public relations and strategic communications firm engaged in the business of providing strategies and solutions to clients seeking to strengthen their image, promote an agenda or engage in a communications campaign throughout a region, state or the nation.

3. Defendant Eagle Forum Education and Legal Defense Fund ("EFELDF") is an organization which promotes the advancement of "traditional American values and our constitutional system of limited government." EFELDF is a tax exempt 501(c)(3) non-profit corporation organized and existing under the laws of the state of Illinois.

4. Defendant Edward R. Martin, Jr. ("Martin"), at all relevant times, served as the President of EFELDF. Martin is an attorney licensed in the state of Missouri.

5. A separate and formerly related corporation exists known as Eagle Forum. Eagle Forum is an organization which promotes the advancement and advocacy of conservative and pro-family values through lobbying efforts at the federal, state and local levels. Eagle Forum is a tax exempt 501(c)(4) non-profit corporation organized and existing under the laws of the state of Illinois.

6. A dispute developed concerning the operation, management, direction and control of the two formerly related entities (EFELDF and Eagle Forum) which were both originally founded by Phyllis Schlafly.

7. A split developed among the board members and officers of the two Eagle Forum organizations. On one side was defendant EFELDF which included its President, defendant Martin, and at least one of the sons of Phyllis Schlafly, John Schlafly. John Schlafly is the Treasurer and a member of the board of directors of EFELDF. On the other side was a group of board members and officers, one of whom was also a child of Phyllis Schlafly, who came to be referred to by Martin and others as the "Gang of Six".

8. In April 2016, the group opposing Martin and John Schlafly filed suit in the Circuit Court of Madison County, Illinois against Martin and John Schlafly alleging various acts.

9. After entry of the temporary restraining order, Martin continued to act as President of EFELDF and managed its affairs. John Schlafly continued to serve as the Treasurer of EFELDF and remained on its board.

10. The dispute concerning the continued control of the Eagle Forum organizations continued throughout 2016 after entry of the temporary restraining order.

11. Ian Northon and the law firm to which he belonged, Roetzel and Andress, LPA, was one of the firms which represented EFELDF in connection with the continuing dispute over the control of the Eagle Forum entities.

12. On September 18, 2016, the annual board meeting of EFELDF was conducted. Martin and John Schlafly were present for the meeting. Martin was not a board member of EFELDF but attended the meeting as President of the organization [i.e., EFELDF]. John Schlafly was at that time a member of the board of EFELDF.

13. In October 2016 there was no agreement as to any specific video, website or event planning work to be performed by the plaintiff.

D. A brief description of the damages sustained by Quantum as the result of defendants' breach of the agreement is as follows:

Quantum is owed a total of $129,006.56, plus prejudgment interest. This amount consists of five months of retainers at $20,000 per month plus one month at $10,000 (March 2017) for a total of $110,000, as agreed to by the parties. Defendants are also obligated under the agreement to reimburse Quantum for total expenses of $19,006.56. This totals $129,006.56 owed to Quantum by defendants.

The applicable prejudgment interest is calculated at the Pennsylvania statutory rate of 6%. Applying that rate to the amount owed by defendants from April 2017 to April 2022 yields prejudgment interest of $38,701.97, applying simple rather than compound interest.

The damages owed to Quantum by defendants, therefore, total $167,708.52.

E. Witness List

Quantum may call as witnesses at the trial of this matter the following individuals on issues of liability and/or damages.

1. Charles Gerow
   123 State Street
   Harrisburg, PA 17101

2. Kevin Harley
   123 State Street
   Harrisburg, PA 17101

3. Ed Rollins
   123 State Street
   Harrisburg, PA 17101

4. Scott Staruch
   123 State Street
   Harrisburg, PA 17101

5. Ian Northon
   Inveniam
   39500 High Pointe Blvd.
   Suite 220
   Novi, MI 48375

6. Sebastion Triscali
   59 Central Blvd.
   Camp Hill, PA 17011

7. Ryan Randolph
   59 Central Blvd.
   Camp Hill, PA 17011

8.  Robert C. Heckman
    1100 Connecticut Avenue, NW
    Suite 650
    Washington, DC

9.  Edward Martin
    7800 Bonhomme Avenue
    St. Louis, MO 63105

10. John Schlafly
    322 State Street
    Suite 301
    Alton, IL 62002

11. Andrew Schlafly (Only if necessary)
    9439 Old Chester Road
    Far Hills, NJ 07931

12. Ned Pfeifer (Address identified upon information and belief)
    C. E. Pfeifer & Co.
    P.O. Box 90341
    Pittsburgh, PA

Quantum reserves the right to call additional witnesses to rebut the testimony of any witness called by defendants or other evidence offered by defendants.

F.  Quantum does not intend to call any expert witnesses to testify at the trial of this matter.

G.  Pleading or Discovery Issues

Defendants are expected to object to the admission into evidence of a number of non privileged documents which defendants claim may not have been produced by the parties in the course of discovery in this case. Each of the documents in question originated with defendants' agent and counsel in a different matter or with defendants' themselves. Defendants failed to produce these documents irrespective of the fact that the documents were clearly within the

scope of Quantum's Requests for Production and were in the "possession, custody or control" of defendants as defined by Rule 34.

These documents, which are damaging to defendants' positions in this litigation, have been identified and marked by Quantum as trial exhibits. Defendants' anticipated objections should be rejected.

The documents at issue are not privileged, were requested by Quantum during discovery, are relevant and hence, are discoverable. The documents, which apparently originated with and were in the possession of defendants' agent and counsel, are deemed to be in the possession of defendants. Defendants had the obligation to obtain these documents from their former attorney and produce them to Quantum in response to Quantum's legitimate discovery requests. Nippon Steel & Sumitomo Metal Corp. v. Posco, CA No. 12-2429 (Letter Opinion) (D. N. J. July 10, 2014); Cherestal v. Sears Roebuck & Co., Case No. 6:12-cv-1681-Orl-28TBS (Order) (M.D. Fl., Sept. 20, 2013).

Defendants should not be heard to complain that Quantum intends to use at trial highly relevant and admissible evidence which defendants improperly withheld from discovery.

H. Summary of Legal Issues

Defendants here deny the existence of an enforceable contract with Quantum. Defendants expressly agreed to the terms of the parties' agreement. Moreover, defendants should be estopped from denying the existence of the agreement with Quantum by the doctrine of ratification. It is well settled that, if a party accepts or enjoys benefits under a purported agreement entered into by an agent without necessary authorization, that party is estopped from repudiating the contract and cannot claim not to be bound by it. CNA Insurance Corp. v. Nationwide Mutual Insurance Co., 2000 WL 288241 (E.D. Pa. March 8, 2000) (applying Pennsylvania law). EFELDF, having accepted a multitude of significant benefits provided by Quantum under the agreement, is now estopped from denying the existence of that contract.

Quantum is here also asserting a claim for unjust enrichment. To establish an unjust enrichment claim, a plaintiff must prove: (1) benefits conferred on the defendant by the plaintiff; (2) appreciation of such benefits, by the defendant; and (3) acceptance and retention of such benefits under such circumstance that it would be inequitable for the defendant to retain the benefit without payment of value. Schenck v. KE

<u>David, Ltd.</u>, 446 Pa. Super. 94, 666 A.2d 327 (Pa. Super. 1995).

At trial, Quantum will establish each of these elements of its unjust enrichment claim thereby entitling it to relief on that claim.

I. Stipulations

    None

J. Quantum estimates that this case will take 2-3 days to try.

K. Other Matters.

    None

L. Schedule of exhibits - Attached pursuant to Local Rule 16.3.

M. Special Verdict Questions.

Quantum requests that the following special verdict questions be submitted to the jury:

1. Did Quantum prove, by a preponderance of the evidence, the existence of a contract between Quantum and Eagle Forum Education and Legal Defense Fund?

   Yes _____      No _____

   If yes, go to Question 2. I no, go to Question 4.

2. Did Quantum prove, by a preponderance of the evidence, that either Eagle Forum Education and Legal Defense Fund or Edward R. Martin, on behalf of Eagle Forum Education and Legal Defense Fund, breached the contract with Quantum?

   Yes _____      No _____

   If yes, go to Question 3. If no, go to Question 4.

3. What is the amount of damages you award to Quantum as a result of the

       breach of the contract?

       $_____.

4. Did Quantum prove, by a preponderance of the evidence, that either Eagle Forum Education and Legal Defense Fund or Edward R. Martin were unjustly enriched as a result of the efforts and services provided by Quantum?

    Yes _____                              No _____

    If yes, go to Question 5. If no, your deliberations are complete and you should notify the Clerk.

5. What is the amount of damages you award to Quantum as a result of the unjust enrichment?

    $_____.

N. Defense counsel settlement authority.

    N/A

O. Agreements of Counsel.

    No additional agreements.

P. N/A.

Respectfully submitted,


/s/_____

Timothy P. Ryan
1508 Fox Chase Lane
Pittsburgh, PA 15241
tprsar@comcast.net
(412) 418-1327

Counsel for Plaintiff, Quantum Communications LTD

OAO 187 (Rev. 7/87) Exhibit and Witness List

# UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

Quantum Communications, Ltd,
    Plaintiff,

  v.

Eagle Forum Education and Legal
Defense Fund, et al.,
    Defendants.

## EXHIBIT AND WITNESS LIST

Case Number:  1:17cv1640

| PRESIDING JUDGE<br>Hon. Malachy E. Mannion | PLAINTIFF'S ATTORNEY<br>Timothy P. Ryan | DEFENDANT'S ATTORNEY<br>Andrew L. Schlafly |
|---|---|---|
| TRIAL DATE (S)<br>June 6, 2022 | COURT REPORTER | COURTROOM DEPUTY |

| PLF. NO. | DEF. NO. | DATE OFFERED | MARKED | ADMITTED | DESCRIPTION OF EXHIBITS AND WITNESSES |
|---|---|---|---|---|---|
| 1 | | | | | 9/6/2016 email from Northon to Rollins |
| 2 | | | | | 9/7/2016 email from Northon to Harley |
| 3 | | | | | 9/14/2016 email from Northon to Rollins |
| 4 | | | | | 9/14/2016 email exchange between Martin and Rollins |
| 5 | | | | | 9/15/2016 email from R. Viguerie of Conservative HQ |
| 6 | | | | | 9/15/2016 email from Harley to Martin and Northon |
| 7 | | | | | 9/15/2016 email from Northon to Gerow et al. |
| 8 | | | | | 9/15/2016 email from Northon to Gerow et al. |
| 9 | | | | | 9/18/2016 minutes of EFE &LDF Board Meeting |
| 10 | | | | | 9/22/2016 Letter Agreement between QC and EFE & LDF |
| 11 | | | | | 9/21/2016 email from Northon to Gerow et al. |
| 12 | | | | | 9/22/2016 email from Northon to Gerow et al. |
| 13 | | | | | 9/26/2016 email from Northon to Gerow et al. |
| 14 | | | | | 10/3/2016 email from Northon to J. Schlafly |
| 15 | | | | | 10/3/2016 email from Northon to Gerow et al. |
| 16 | | | | | 10/13/2016 email from Martin to Harley |
| 17 | | | | | 10/14/2016 email from Harley to Martin |
| 18 | | | | | 10/18/2016 email from Robinson to Northon |
| 19 | | | | | 10/18/2016 QC invoice |
| 20 | | | | | 10/18/2016 email exchange between Martin and Harley |
| 21 | | | | | 10/20/2016 Order of Court in Madison County, IL |

* Include a notation as to the location of any exhibit not held with the case file or not available because of size.

Page 1 of  6  Pages

OAO 187A (Rev. 7/87)          **EXHIBIT AND WITNESS LIST B CONTINUATION**

| Quantum Communications, Ltd, Plaintiff, | | v. | Eagle Forum Education and Legal Defense Fund et al, Defendants. | | CASE NO 1:17cv1640. | |

| PLF. NO. | DEF. NO. | DATE OFFERED | MARKED | ADMITTED | DESCRIPTION OF EXHIBITS AND WITNESSES |
|---|---|---|---|---|---|
| 22 | | | | | 10/21/2016 email from McCann to Martin, A. Schlafly and J. Schlafly |
| 23 | | | | | 10/21/2016 email from Martin to Gerow et al. |
| 24 | | | | | 10/22/2016 email from Martin to Gerow et al. |
| 25 | | | | | 10/22/2016 email from Martin to Gerow et al. |
| 26 | | | | | 10/23/2016 email from Martin to J. Schlafly |
| 27 | | | | | 10/24/2016 email from Northon to Gerow et al. |
| 28 | | | | | 10/25/2016 email from Northon to Gerow et al. |
| 29 | | | | | 10/27/2016 email from Northon to Gerow et al. |
| 30 | | | | | 10/31/2016 email from Northon to Gerow et al. |
| 31 | | | | | 11/1/2016 email from Harley to Northon |
| 32 | | | | | 11/4/2016 email from Northon to Harley |
| 33 | | | | | 11/7/2016 email from Harley to Northon |
| 34 | | | | | 11/12/2016 email from Martin to Gerow et al. |
| 35 | | | | | 11/18/2016 QC invoice and statement |
| 36 | | | | | 11/18/2016 email from Harley et al. to Martin |
| 37 | | | | | 11/22/2016 email from Harley to Martin |
| 38 | | | | | 11/23/2016 email exchange between Martin and Harley |
| 39 | | | | | 11/23/2016 email from Robinson to Northon attaching November invoice and statement |
| 40 | | | | | 11/28/2016 email re call after Thanksgiving |
| 41 | | | | | 11/29/2016 email from Martin to Gerow et al. |
| 42 | | | | | 11/29/2016 email from Martin to Gerow et al. |
| 43 | | | | | 12/12/2016 email from Gerow to Martin |
| 44 | | | | | Photographs received by QC 12/14-23 /2016 |
| 45 | | | | | 12/18/2016 QC invoice and statement |
| 46 | | | | | 12/21/2016 email from Robinson to Northon |
| 47 | | | | | 12/31/2016 email exchange between Martin and Gerow et al. 0 |

OAO 187A (Rev. 7/87)                **EXHIBIT AND WITNESS LIST B CONTINUATION**

| Quantum Communications, Ltd, Plaintiff, | v. | Eagle Forum Education and Legal Defense Fund et al, Defendants. | CASE NO. 1:17cv1640 |
|---|---|---|---|

| PLF. NO. | DEF. NO. | DATE OFFERED | MARKED | ADMITTED | DESCRIPTION OF EXHIBITS AND WITNESSES |
|---|---|---|---|---|---|
| 48 | | | | | 1/3/2017 email exchange between Martin and Gerow et al. |
| 49 | | | | | 1/3/2017 email from Martin to Gerow et al. |
| 50 | | | | | 1/3/2017 email exchange between Northon and Gerow et al. |
| 51 | | | | | 1/6/2017 email exchange between Martin/Northon and Gerow et al. re Bean |
| 52 | | | | | 1/9-10/2017 email exchange between Martin and Harley |
| 53 | | | | | 1/10/2017 email from Martin to Gerow et al. |
| 54 | | | | | 1/10/2017 email from Martin to Harley |
| 55 | | | | | 1/9-10/2017 email from Martin to Gerow et al. |
| 56 | | | | | 1/11/2017 email from Martin to Harley |
| 57 | | | | | 1/11/2017 email from Martin to Gerow et al. |
| 58 | | | | | 1/12/2017 email exchange between Martin and Gerow et al. |
| 59 | | | | | 1/12/2017 email from Martin to Gerow et al. |
| 60 | | | | | 1/12/2017 email from Staruch to Martin |
| 61 | | | | | 1/13/2017 email from Martin to Staruch |
| 62 | | | | | 1/13/2017 emails from Martin to Gerow et al. |
| 63 | | | | | 1/13/2017 email exchange between Martin and Gerow |
| 64 | | | | | 1/19/2017 email exchange between Robinson and Northon |
| 65 | | | | | 1/19/2017 QC letter to J. Schlafly or Martin attaching QC statement and invoices |
| 66 | | | | | 1/19/2017 email from Martin to Gerow et al. |
| 67 | | | | | 1/24/2017 email exchange between Martin and Gerow |
| 68 | | | | | 1/25/2017 email from Martin to Eagles w/correspondence to Gerow |
| 69 | | | | | 1/27/2017 email exchange between Gerow and Northon |
| 70 | | | | | 2/7/2017 memo from Posner to Gerow |
| 71 | | | | | 2/7/2017 email exchange between Posner, Gerow and Martin |
| 72 | | | | | 2/7/2017 email from D. Pentecost to Harley w/attachment |

OAO 187A (Rev. 7/87)  **EXHIBIT AND WITNESS LIST B CONTINUATION**

| Quantum Communications, Ltd, Plaintiff, | v. | Eagle Forum Education and Legal Defense Fund et al, Defendants | CASE NO. 1:17cv1640 |
|---|---|---|---|

| PLF. NO. | DEF. NO. | DATE OFFERED | MARKED | ADMITTED | DESCRIPTION OF EXHIBITS AND WITNESSES |
|---|---|---|---|---|---|
| 73 | | | | | 2/7/2017 email exchange between Gerow and Martin |
| 74 | | | | | 2/8/2017 email exchange between Martin and Gerow |
| 75 | | | | | 2/8/2017 email exchange between Posner, Gerow and Martin |
| 76 | | | | | 2/9/2017 email N. Leahy to Martin forwarded to Gerow |
| 77 | | | | | 2/9/2017 email exchange between Leahy, Martin and Gerow |
| 78 | | | | | 2/9/2017 email exchange between Posner, Martin and Gerow |
| 79 | | | | | 2/11/2017 email exchange between Martin and Gerow |
| 80 | | | | | 2/14/2017 email exchange between Martin and Gerow |
| 81 | | | | | 2/18/2017 QC invoice |
| 82 | | | | | 2/18/2017 QC statement with past due balance |
| 83 | | | | | 2/21/2017 email exchange between Martin and Gerow |
| 84 | | | | | 3/9/2017 email exchange between Martin and Gerow |
| 85 | | | | | 3/9/2017 QC expense invoice |
| 86 | | | | | 3/17/2017 email exchange between Gerow, Martin and Robinson |
| 87 | | | | | 3/17/2017 email exchange between Gerow, Martin and Robinson |
| 88 | | | | | 3/18/2017 QC invoice |
| 89 | | | | | 3/18/2017 QC statement with past due balance |
| 90 | | | | | 3/20/2017 email from Martin to J. Schlafly |
| 91 | | | | | 3/22/2017 email from Martin to Gerow |
| 92 | | | | | 3/22/2017 email from Gerow to Martin |
| 93 | | | | | 3/22/2017 email from Martin to Gerow |
| 94 | | | | | 3/22/2017 email from Northon to Gerow re Cori suit |
| 95 | | | | | 3/22/2017 email from Northon to Gerow re P. Schlafly capacity |
| 96 | | | | | 3/22/2017 emailsfrom Martin to Gerow |
| 97 | | | | | 3/23/2017 email exchange between Martin and Gerow |

OAO 187A (Rev. 7/87)      **EXHIBIT AND WITNESS LIST B CONTINUATION**

| | Quantum Communications, Ltd, Plaintiff, | v. | Eagle Forum Education and Legal Defense Fund et al, Defendants. | CASE NO. 1:17cv1640 |

| PLF. NO. | DEF. NO. | DATE OFFERED | MARKED | ADMITTED | DESCRIPTION OF EXHIBITS AND WITNESSES |
|---|---|---|---|---|---|
| 98 | | | | | 3/23/2017 email exchange between Martin and Gerow (Weyrich Luncheon) |
| 99 | | | | | 3/24/2017 emails between Martin to Gerow and Harley to Martin |
| 100 | | | | | 3/25/2017 email from Martin to Gerow |
| 101 | | | | | 3/27/2017 email from Martin to Gerow et al, attaching A. Schlafly statement |
| 102 | | | | | 3/27/2017 email from Gerow to Martin |
| 103 | | | | | 3/28/2017 email exchange between Gerow and Martin |
| 104 | | | | | 3/31/2017 email from Gerow to Martin |
| 105 | | | | | 4/3/2017 email exchange between Gerow and Martin |
| 106 | | | | | 4/4/2017 email from Gerow to Martin |
| 107 | | | | | 4/11/2017 email exchange between Martin and Gerow |
| 108 | | | | | 4/18/2017 email from Robinson to Martin attaching QC statement with past due balance |
| 109 | | | | | 4/18/2017 email exchange between Martin and Gerow |
| 110 | | | | | 4/20/2017 email from Martin to N. Pfeifer |
| 111 | | | | | 4/20/2017 email exchange between N. Pfeifer and Martin |
| 112 | | | | | 4/20/2017 email from N. Pfeifer to Gerow |
| 113 | | | | | 4/21/2017 email exchange between Martin, N. Pfeifer and Gerow |
| 114 | | | | | 4/21/2017 email exchange between Martin and N.Pfeifer |
| 115 | | | | | 9/15/2017 from N. Pfeifer to Martin |
| 116 | | | | | 9/18/2017 memo from Eunie Smith |
| 117 | | | | | 9/26/2017 email exchange between Martin and K. McDermott |
| 118 | | | | | 2/12/2018 Declaration of Northon |
| 119 | | | | | 7/15/2020 Martin Responses to Interrogatories |
| 120 | | | | | EFE & LDF IRS Form 990 for 2017 |
| 121 | | | | | EFE & LDF Form 990 for 2016 |
| 122 | | | | | EFE & LDF Form 990 for 2018 |

OAO 187A (Rev. 7/87)  **EXHIBIT AND WITNESS LIST B CONTINUATION**

| | | | | | Quantum Communications, Ltd, Plaintiff, v. Eagle Forum Education and Legal Defense Fund et al, Defendants.   CASE NO. 1:17cv1640 |
|---|---|---|---|---|---|
| PLF. NO. | DEF. NO. | DATE OFFERED | MARKED | ADMITTED | DESCRIPTION OF EXHIBITS AND WITNESSES |
| 123 | | | | | Answer and counterclaim of defendants |
| | | | | | Charles Gerow |
| | | | | | Kevin Harley |
| | | | | | Ed Rollins |
| | | | | | Scott Staruch |
| | | | | | Ian Northon |
| | | | | | Sebastian Triscari |
| | | | | | Ryan Randolph |
| | | | | | Robert Heckman |
| | | | | | Edward Martin |
| | | | | | John Schlafly |
| | | | | | Andrew Schlafly |
| | | | | | Ned Pfeifer |

Page   6   of   6   Pages

## CERTIFICATE OF SERVICE

  I, Timothy P. Ryan, counsel for plaintiff Quantum Communications, Ltd., do hereby certify that on May 11, 2022, I caused a true and correct copy of the foregoing plaintiff's Pretrial Memorandum to be served by email upon Andrew L. Schlafly, Esq., counsel of record for defendants Eagle Forum Education and Legal Defense Fund and Edward R. Martin, Jr. at [aschlafly@aol.com](mailto:aschlafly@aol.com).

/s/_____

Timothy P. Ryan
1508 Fox Chase Lane
Pittsburgh, PA 15241
tprsar@comcast.net
(412) 418-1327