IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| QUANTUM COMMUNICATIONS, LTD., ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> EAGLE FORUM EDUCATION ) <br> AND LEGAL DEFENSE FUND, ) <br> AND EDWARD R. MARTIN, JR., ) <br> ) <br> Defendants. ) <br> _____) | Case No. 1:17-cv-01640-MEM <br> (Honorable Malachy E. Mannion) <br><br><br><br><br><br><br><br> Filed Electronically |

**PRETRIAL MEMORANDUM BY DEFENDANTS EAGLE FORUM EDUCATION AND LEGAL DEFENSE FUND AND EDWARD R. MARTIN, JR.**

Defendants Eagle Forum Education and Legal Defense Fund ("EFELDF") and Edward R. Martin, Jr. ("Ed Martin", collectively "Defendants") hereby timely submit their pretrial memorandum. Plaintiff is Quantum Communications, Ltd. ("Plaintiff" or "Quantum").

Date conference was held by counsel:        May 2, 2022

A. A brief statement as to federal court jurisdiction.

This is not proper federal jurisdiction in this diversity action, because there is insufficient evidence of any amount-in-controversy in excess of $75,000. At this late stage allegations alone are inadequate to support jurisdiction, which must be reestablished at each stage of a proceeding. Plaintiff lacks evidence to support jurisdiction to hold a trial here.

Plaintiff has no expert in this case. Accordingly, Plaintiff's Count II for unjust enrichment cannot possibly satisfy the amount-in-controversy for jurisdiction because there is no way for the trier of fact to determine a value in excess of $75,000 for the goods or services. No witness for Plaintiff can give an admissible opinion placing such value on services supposedly rendered. Moreover, the alleged services nowhere approach as much as $75,000 in value.

Plaintiff has admitted that its out-of-pocket expenses on its Count I total less than $25,000, which is insufficient to support jurisdiction here. Beyond that, Plaintiff makes an implausible claim for an oral contract for $20,000 a month. To hold a trial Plaintiff needs more than an implausible allegation to establish jurisdiction. Defendants expressly rejected a written

1

contract for a $20,000 per month fee, as Plaintiff alleges and admits.  Evidence to establish an oral contract needs to be clear and precise, and Plaintiff has no such evidence, let alone any ongoing oral contract at that high price for multiple months without any payment by Defendants.  There is simply no plausible basis or sufficient evidence to establish federal jurisdiction for a trial in this matter.

B. A summary statement of facts and contentions as to liability.

1. Plaintiff's Two Counts:

Plaintiff asserts mutually exclusive claims for breach of an alleged oral contract and unjust enrichment.

Plaintiff alleges and admits that there was no valid, enforceable written contract.  Despite this, Plaintiff asserts the existence of an oral contract for it to be paid $20,000 per month.  Defendants never made any such payment, and never agreed to anything of the sort.  Plaintiff never timely and properly invoiced Defendants for any such alleged obligation.

Although Plaintiff contends the oral contract formed in October 2016, Plaintiff did not send any invoices to either Defendant throughout 2016.  Plaintiff never itemized any work on any of its invoices in this matter at any time.  Plaintiff never provided any receipts for expenses to either Defendant.  Plaintiff fully knew throughout all of 2016 and through March 2017 that neither Defendant was making any payments to Plaintiff.  In October 2016 there was no agreement as to any specific video, website, or event planning work to be performed by Plaintiff.

Plaintiff never delivered any video to either Defendant, and yet demands that Defendants pay for it.

2. Defendant's Counterclaim:

Plaintiff failed to promote from the podium either Defendant at the CPAC dinner event in February 2017 as promised.  This caused liability to Defendant EFELDF as discussed in the damages section below.

C. A comprehensive statement of undisputed facts as agreed to by counsel at the conference of attorneys required by Local Rule 16.3.

1. Quantum is a Pennsylvania corporation with an address of 123 State Street, Harrisburg, PA 17101.

2. Quantum is a public relations and strategic communications firm engaged in the business of providing strategies and solutions to clients seeking to strengthen their image, promote an agenda or engage in a communications campaign throughout a region, state or the nation.

3. Defendant Eagle Forum Education and Legal Defense Fund ("EFELDF") is an organization which promotes the advancement of "traditional American values and our

constitutional system of limited government." EFELDF is a tax exempt 501(c)(3) non-profit corporation organized and existing under the laws of the state of Illinois.

4. Defendant Edward R. Martin, Jr. ("Martin"), at all relevant times, served as the President of EFELDF. Martin is an attorney licensed in the state of Missouri.

5. A separate and formerly related corporation exists known as Eagle Forum. Eagle Forum is an organization which promotes the advancement and advocacy of conservative and pro-family values through lobbying efforts at the federal, state and local levels. Eagle Forum is a tax exempt 501(c)(4) non-profit corporation organized and existing under the laws of the state of Illinois.

6. A dispute developed concerning the operation, management, direction and control of the two formerly related entities (EFELDF and Eagle Forum) which were both originally founded by Phyllis Schlafly.

7. A split developed among the board members and officers of the two Eagle Forum organizations. On one side was defendant EFELDF which included its President, defendant Martin, and at least one of the sons of Phyllis Schlafly, John Schlafly. John Schlafly is the Treasurer and a member of the board of directors of EFELDF. On the other side was a group of board members and officers, one of whom was also a child of Phyllis Schlafly, who came to be referred to by Martin and others as the "Gang of Six."

8. In April 2016, the group opposing Martin and John Schlafly filed suit in the Circuit Court of Madison County, Illinois against Martin and John Schlafly alleging various acts.

9. After entry of the temporary restraining order, Martin continued to act as President of EFELDF and managed its affairs. John Schlafly continued to serve as the Treasurer of EFELDF and remained on its board.

10. The dispute concerning the continued control of the Eagle Forum organizations continued throughout 2016 after entry of the temporary restraining order.

11. Ian Northon and the law firm to which he belonged, Roetzel and Andress, LPA, was one of the firms which represented EFELDF in connection with the continuing dispute over the control of the Eagle Forum entities.

12. On September 18, 2016, the annual board meeting of EFELDF was conducted. Martin and John Schlafly were present for the meeting. Martin was not a board member of EFELDF but attended the meeting as President of the organization [i.e., EFELDF]. John Schlafly was at that time a member of the board of EFELDF.

13. In October 2016 there was no agreement as to any specific video, website or event planning work to be performed by the plaintiff.

D. A brief description of damages, including, where applicable:

    Defendants deny that Plaintiff suffered any recoverable damages. The lack of any expert for Plaintiff further renders it impossible for it to prove any recoverable damages in this case.

    Defendant EFELDF suffered damages from Plaintiff's failure to promote it as promised at CPAC 2017 from the podium at the main dinner event. Those damages are in the form of lost donations as will be testified to at trial. Defendant EFELDF estimates those damages to be $50,000 based on expected testimony.

E. Names and addresses of witnesses, along with the specialties and qualifications of experts to be called.

    Charlie Gerow, c/o Plaintiff's counsel.

    Ed Martin, c/o Defendants' counsel.

F. Summary of testimony of each expert witness.

    None.

G. Special comment about pleadings and discovery, including depositions and the exchange of medical reports.

    None.

H. A summary of legal issues involved and legal authorities relied upon.

    Plaintiff has only two claims, which are mutually exclusive: an alleged oral contract, and a claim for unjust enrichment in the absence of any contract. Both claims cannot simultaneously be valid under applicable law. *See, e.g.*, *Schott v. Westinghouse Elec. Corp.*, 436 Pa. 279, 290, 259 A.2d 443, 448 (1969) ("[T]he quasi-contractual doctrine of unjust enrichment [is] inapplicable when the relationship between parties is founded on a written agreement or express contract.") (citing multiple authorities).

    Plaintiff continues to assert both of its claims against Defendant Ed Martin, despite how he never acted in his individual capacity, never received any personal benefit, and Plaintiff has expressly admitted that his actions were only behalf of his employers. Plaintiff's own Amended Complaint states that "Martin agreed, on behalf of Eagle Forum." (Amended Complaint ¶ 17) Defendant Martin as an individual defendant should thus be dismissed from this case.

    The claim for unjust enrichment lacks an expert witness to value the services that were allegedly performed, little of which was ever actually delivered to Defendants. Without a proper appraisal of the value of the services, there is nothing to try on that claim and it should be dismissed.

    The only other claim by Plaintiff in this case – its allegation of an oral contract to pay Plaintiff $20,000 per month – is implausible and unsupported by any evidence. Oral contracts

must be proven by clear and precise evidence under applicable Pennsylvania law, and no such evidence exists. *See Orchard v. Covelli*, 590 F. Supp. 1548, 1556 (W.D. Pa. 1984) ("One asserting an oral contract [under Pennsylvania law] must show that the contract was clear and precise."). Plaintiff has alleged and admitted that Defendants rejected a written agreement for such a contract, but then asserts that it somehow arose orally. But the evidence does not support that, let alone the clear and precise evidence required.

Defendant EFELDF has a counterclaim against Plaintiff for its failure to do promotion at an event (CPAC 2017) as promised. If there was any oral argument between the parties, it was for this specific task which Plaintiff failed to perform, thereby causing Defendant EFELDF damages.

I. Stipulations desired.

None other than the stipulations of fact among counsel, as submitted herein.

J. Estimated number of trial days.

1 day. Defendants oppose Plaintiff's attempt to unjustifiably prolong this trial with previously undisclosed and never-deposed witnesses, and numerous Plaintiff's proposed exhibits that are unauthenticated, inadmissible hearsay, and often irrelevant.

K. Any other matter pertinent to the case to be tried.

Defendants object to Plaintiff's attempt to call witnesses whom Plaintiff did not identify in its Interrogatories Responses dated September 3, 2019 (interrogatory 18) as to which witnesses it would call, and who were never deposed in this action and never identified by Plaintiff as a witness throughout the extensive discovery in this action. These surprise new witnesses by Plaintiff who should not be allowed at this late stage include Ned Pfeifer, Ian Northon, John Schlafly, and Andrew Schlafly.

Plaintiff also seeks use more than 120 exhibits, most of which were never authenticated in discovery, constitute inadmissible hearsay, and are irrelevant or prejudicial in nature. These exhibits would unnecessarily lengthen the trial without adding any probative value, and Defendants have objected to them.

As to voir dire, here are Defendants' proposed questions:

1. Have you ever been paid to work in politics?
2. Have you ever heard of Ed Rollins or Charlie Gerow?
3. Do you think that all invoices or bills are valid and must be paid?
4. Where do you obtain news, such as websites or television networks?

L. Pursuant to Local Rule 16.3 append to this memorandum a prenumbered schedule of exhibits, with brief identification of each, on the clerk's Exhibit Form.

Please see attached.

M. Append any special verdict questions which counsel desires to submit.

5

  Please see attached.

N. Defense counsel must file a statement that the person or committee with settlement authority has been notified of the requirements of and possible sanctions under Local Rule 16.2.

  Pursuant to Local Rule 16.2, the undersigned counsel certifies that lead counsel for defendants shall be present to represent the interests of defendants at the final pretrial conference, and a representative of each defendant having settlement authority for the party shall likewise attend or be available for the final pretrial conference as required by the court.

O. Certificate must be filed as required under Local Rule 30.10 that counsel have met and reviewed depositions and videotapes in an effort to eliminate irrelevancies, side comments, resolved objections, and other matters not necessary for consideration by the trier of fact.

  Not applicable.

P. In all trials without a jury, requests for findings of both fact and law shall be submitted with this Memorandum as required under Local Rule 48.2.

  Not Applicable.

Dated: May 11, 2022    Respectfully submitted,

            /s/ Andrew L. Schlafly

            Andrew L. Schlafly, Esq.
            (admitted *pro hac vice*, NJ 040662003)
            939 Old Chester Rd.
            Far Hills, NJ 07931
            Phone: (908) 719-8608
            Fax: (908) 934-9207

            Counsel for Defendants Eagle Forum
              Education and Legal Defense Fund and Edward R.
              Martin, Jr.

**Addendum**
**Proposed Verdict Sheet**

1. Did Plaintiff prove by clear and precise evidence that an oral contract for a payment of $20,000 per month to it by Defendant Ed Martin, on his personal behalf, existed? ___ No ___ Yes.  If the answer is "No", then go to question 6 below.

2. If the answer to question 1 is "Yes", did Plaintiff prove by clear and precise evidence the terms of such oral contract were precise as to what Plaintiff's contractual duties were? ___No ___ Yes.  If the answer is "No", then go to question 9 below.

3. If the answers to question 1 and 2 are "Yes", did Plaintiff prove by a preponderance of the evidence that Plaintiff satisfied all of its obligations under such oral contract? ___ No ___ Yes.  If the answer is "No", then go to question 9 below.

4. If the answers to questions 1, 2, and 3 are "Yes", did Plaintiff prove by a preponderance of evidence that Defendant Ed Martin caused any damages to Plaintiff? ___ No ___ Yes.  If the answer is "No", then go to question 9 below.

5. If the answers to questions 1, 2, 3, and 4 are "Yes", then how much in damages did Plaintiff prove was caused to it by Defendant Ed Martin? _____

6. If the answer to question 1 above is "No", did Plaintiff prove that Defendant Ed Martin was personally unjustly enriched by any goods or services provided by Plaintiff to him? ___ No ___ Yes.  If the answer is "No", then go to question 9 below.

7. If the answer to question 6 above is "Yes", did Plaintiff prove by a preponderance of evidence a specific value for the goods or services provided by Plaintiff to Defendant Ed Martin for his personal benefit? ___ No ___ Yes.  If the answer is "No", then go to question 9 below.

8. If the answers to questions 6 and 7 above are "Yes", what value did Plaintiff prove its goods or services provided by it to Defendant Ed Martin was worth to him personally? _____

9. Did Plaintiff prove by clear and precise evidence that an oral contract for a payment of $20,000 per month to it by Defendant EFELDF existed? ___ No ___ Yes.  If the answer is "No", then go to question 14 below.

1

10. If the answer to question 9 is "Yes", did Plaintiff prove by clear and precise evidence the terms of such oral contract were precise as to what Plaintiff's contractual duties were? ___No  ___ Yes.  If the answer is "No", then go to the Counterclaim section below.

11. If the answers to questions 9 and 10 are "Yes", did Plaintiff prove by a preponderance of the evidence that Plaintiff satisfied all of its obligations under such oral contract?  ___ No  ___ Yes.  If the answer is "No", then go to the Counterclaim section below.

12. If the answers to questions 9, 10, and 11 are "Yes", did Plaintiff prove by a preponderance of evidence that Defendant EFELDF caused any damages to Plaintiff?  ___ No  ___ Yes.  If the answer is "No", then go to the Counterclaim section below.

13. If the answers to questions 9, 10, 11, and 12 are "Yes", then how much in damages did Plaintiff prove was caused to it by Defendant EFELDF?  _____

14. If the answer to question 9 above is "No", did Plaintiff prove that Defendant EFELDF was unjustly enriched by any goods or services provided by Plaintiff to it?  ___ No  ___ Yes.  If the answer is "No", then go to the Counterclaim Section below.

15. If the answer to question 9 above is "Yes", did Plaintiff prove by a preponderance of evidence a specific value for the goods or services provided by Plaintiff to Defendant EFELDF?  ___ No  ___ Yes.  If the answer is "No", then go to the Counterclaim Section below.

16. If the answers to questions 14 and 15 above are "Yes", what value did Plaintiff prove its goods or services provided by it to Defendant EFELDF was worth?  _____

**Counterclaim**

1. Did Defendant EFELDF prove by clear and precise evidence that there was an oral contract for promotion by Plaintiff at the CPAC dinner in 2017?  ___ No  ___ Yes.  If the answer is "No", then stop.

2. Did Defendant EFELDF prove by a preponderance of the evidence that Plaintiff breached its obligations under this oral contract?  ___ No  ___ Yes.

3. Did Defendant EFELDF prove by a preponderance of the evidence that Plaintiff thereby caused it damages?  ___ No  ___ Yes.

4.  If the answer to prior question is "Yes", then how much in damages did Defendant EFELDF prove were caused to it by Plaintiff?  _____

## LIST OF EXHIBITS

**CASE CAPTION:** Quantum v. EFELDF & Martin         **CASE NUMBER:** 1:17-cv-01640-MEM

**MIDDLE DISTRICT OF PENNSYLVANIA**                 **JUDGE: MALACHY E. MANNION**

| PTF | DFT | DESCRIPTION OF OBJECT OR ITEM | IDENTIFIED | EVIDENCE | RULING | WITNESS ON STAND |
|---|---|---|---|---|---|---|
| | 1 | Plaintiff's_Amended_Complaint | | | | |
| | 2 | Plaintiff's_Admissions_dated_Sept._3,_2019 | | | | |
| | 3 | Plaintiff's_Admissions_dated_Dec._13,_2018 | | | | |
| | 4 | Plaintiff's_Interrog_Resp_dated_Sept._3,_2019 | | | | |
| | 5 | MARTIN_1-3 (notice: unauthorized Northon) | | | | |
| | 6 | MARTIN_80-81 (Defund Berkeley project) | | | | |
| | 7 | MARTIN_15_(Martin emails with Ned Pfeifer) | | | | |
| | 8 | CPAC_video | | | | |